McCREARY ET AL. v. WACO LODGE No. 70, I. O. O. F.

(No. 337.)

MECHANICS' AND MATERIAL-MEN'S LIEN.—Statute should be complied with.

SERVICE.— Service upon the chairman of a building committee of an Odd Fellows lodge, who possesses no other powers than those pertaining to that particular undertaking, is not such service as the statute requires.

JURISDICTION.— Where the district court had jurisdiction of a suit at the time of its institution, but afterwards, by a new constitution, exclusive jurisdiction was conferred upon the county court during the pendency of the suit, the district court should not dismiss, but continue until the legislature makes necessary provisions for its transfer.

APPEAL from McLennan county. Opinion by Walker, P. J.

STATEMENT.— This suit was brought by the appellants against the defendant, appellee, on an account for lumber amounting to $435.79, furnished by them for the purpose of building a lodge room or hall for the defendant. The plaintiffs sued for the amount alleged to be due and to en-

force their lien as material-men, under the statute giving a lien to mechanics, laborers, artisans, etc., upon the said building and the lot on which the same is situated. The petition was filed September 22, 1875, and judgment was rendered June 13, 1876. The defendant demurred to the plaintiffs' petition. The demurrer was sustained and the cause was dismissed.

Opinion.— Among other questions involved upon the demurrer, those two which are indicated by the recitals of the judgment itself, alone are conclusive of the merits of this appeal and decisive of it.

The petition as amended alleged that, to fix and secure the lien, the plaintiffs had served the duplicate of the bill of particulars, which had been duly recorded under the statute, upon the defendant "by handing it to M. D. Herring, as chairman of the regularly appointed and fully authorized building committee of defendant, on the same day that the other duplicate was filed for record as set up in original petition." The court held that such service was not such service upon the defendant as the law contemplated as being sufficient to fix and secure the lien. The constitution of 1869 made provision for liens of mechanics and artisans only. See sec. 49, art. XII, Const. 1869.

The constitution of 1876 extended the lien protection to material-men as well as to artisans and mechanics. See sec. 37, art. XVI, Const. 1876. The lien of a person who sold lumber for a building to another, under the constitution and laws in force in the year 1874, when the account sued on is alleged to have been contracted, had no possible legal existence by virtue of the mere sale and delivery thereof, except it were obtained under the statute which gave it. To acquire it thereby it is thoroughly settled by decisions of our own state, and quite as fully and with as much uniformity of construction in other states where similar laws exist, that the statutory requirements must be strictly complied with. See Wood v. Thomas, decided by us at present

term and approved by the supreme court, and the authorities there cited. The plaintiffs rely upon a verbal contract; in such case the statute which gave a lien to any person or firm (art. 7112, P. D.) . . . who may furnish material . . . to erect any house, building, etc., provides in the third clause of the first section as follows: "If the contract, order or agreement be verbal, a duplicate copy of the bill of particulars shall be made under oath, one to be delivered to the clerk to be filed and recorded as provided for written contracts, and the other to be served upon the party owing the debt." The fourth clause provides thus: "Both the contract and the account, when filed and recorded as above provided, shall be accompanied by a description of the lands, lots, houses and improvements against which the lien is claimed." The fifth clause is as follows: "When such contract or account is filed and recorded, it shall be deemed sufficient diligence to fix the same from the date it is filed for record and secure the lien provided for."

It is manifest, from the terms of the statute, that the plaintiffs' right to acquire a lien upon the building depends wholly upon their compliance with its exactions, whatever those requirements may consist in. Very certain it is, that, having no lien independent of the statute, they cannot acquire it under and by virtue of its provisions, otherwise than upon the conditions which it prescribes. See Phillips on Mechanics' Liens, sec. 338; Lee v. Phelps, 64 Tex., 367, and approved by supreme court; Tremont Hotel Co. v. Rosamond et al., post, p. 682.

It became essential, therefore, in order to fix the lien that plaintiffs claim, that they should have made the service contemplated by the statute on the corporation known and described by the petition as "The Waco Lodge, No. 70, Independent Order of Odd Fellows." The ordinary rule of law, in the absence of statutory designation to fix notice upon a corporation, is to give it to its principal executive official, its president or other like official. The statute regulating mechanics' liens, etc., does not provide the mode of

service otherwise than requiring "the duplicate copy of the bill of particulars to be served upon the party owing the debt." A corporation has no personal existence and identity; it acts through, and is bound by, the acts of its officers and agents. Through them it contracts debts and obligations; it is represented by them. Through them it sues and defends actions. It is not, however, any officer who may be connected with the affairs or transactions of a corporation, or any agent or employee of a corporation, who is thus constituted the authoritative representative of that artificial personage. It may, however, like a natural person, become bound and liable for acts done and contracts made by its agents acting within the scope of their delegated authority, and may thus be bound, under similar circumstances and upon the same principle, for acts and contracts of certain of its inferior officers or employees. The admission of this proposition does not, nevertheless, qualify the general maxim that none other than the principal officers through whom its corporate functions are controlled and directed, represent and stand for, as its representative, the corporation. Our statutes which regulate proceedings in courts contain full and specific provisions for making legal service of process on corporations, by the service of citation on the various officials or agents, as the case may be, who are designated in those acts. The act in force at the accrual of the account sued on provided that, "in suits against any incorporated company or joint-stock association, the citation may be served on the president, secretary or treasurer of such company or association, or upon the local agent representing such company or association in the county in which suit is brought, or by leaving a copy of the same at the principal office of the company during office hours."

Whilst it may be true that the above-quoted statute is not a specific direction or authority for the service of a copy of an account to fix a lien, it may properly be referred to as furnishing a proper guide to a correct construction as to the true rule applicable to this case, especially so

as the statute seems to be intended to extend rather than to limit the ordinary rule as to the necessity of serving the president or other principal essential officer of a corporation, etc., in order to render the corporation subject to the court's jurisdiction. M. D. Herring, it is not pretended, was the local agent representing this corporation in the sense and meaning of the law above quoted; indeed the petition alleges that said corporation was "resident in the county of McLennan," where suit was brought, and it is to be inferred had there its place of buisiness and residence of its principal officers, and the petition asks for process against its treasurer, naming him.

The capacity in which M. D. Herring is alleged to have acted does not correspond with that of any of the corporate officers who are recognized ordinarily as necessary to represent an incorporate association. Service on him as chairman of a building committee would constitute him at most only an agent to bind the corporation for the purposes for which he was selected.

A corporation would at least have had but formal and constructive notice by the delivery of the claim of a professed creditor, which is to have the effect by delivery of a lien upon its property to other persons than the principal or corporate officers to whom the corporation has intrusted the control of its interests, and who alone, it may be supposed, are familiar with them, and who are directly responsible to the stockholders for the management of its concerns.

We are of the opinion, therefore, that the lien was not fixed and secured by the service had upon the chairman of the building committee, and but for the error of the court in dismissing the suit as to the entire cause of action, we would award that the judgment was correct. The district court had jurisdiction of the amount sued for when the petition was filed; but under the constitution of 1876, which had gone into effect at the date of the trial, the amount sued for was within the exclusive jurisdiction of

the county court, so far as related to the sum of money claimed to be due. District courts, however, had under the jurisdictions of those courts, exclusive jurisdiction of liens upon real estate. Doubtless the court held that the petition was insufficient to enforce the lien, and the amount being less than $500, dismissed it for want of jurisdiction. See sec. 27, art. V, Const. 1876.

We award that the judgment below be reversed and reformed and that the cause be transferred from the district to the county court, and that the clerk of the district court duly certify the record in accordance with the statute law regulating the transfer of civil causes according to the laws of the fifteenth legislature for the transfer of civil causes to the county court.